UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-427-MOC-DSC

| | | |
|---|---|---|
| **GINA ZAHRAN,** | ) | |
| **Individually and on behalf of all** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss filed by Defendant

Bank of America, (Doc. No. 26), and on a Motion to Strike Class Allegations in First Amended

Complaint, filed by Defendant, (Doc. No. 28). The Court held a hearing on the motions on May

12, 2021.

### I.     BACKGROUND

The following allegations are taken as true for the purposes of Defendant's motion to

dismiss:

Plaintiff Gina Zahran entered into a home loan refinance with Defendant Bank of

America beginning in 2013. (First Amended Compl. ("FAC") ¶¶ 32, 47). The loan did not

include a mortgage escrow account. (Id. ¶¶ 33, 39, 41). After getting the mortgage in 2013,

Plaintiff paid it on time without incident for years. She also paid the taxes and insurance herself.

By 2019, she had paid over $67,000 toward the mortgage debt. (Id. ¶¶ 44, 48–50). In February

2019, she agreed to pay her mortgage though automatic debiting. (Id. ¶¶ 51–56). She continued

to pay without incident. (Id. ¶ 63). The electronic automatic debiting arrangement subjected the

bank to certain duties under the Electronic Funds Transfer Act, including providing written disclosures of the amounts of payments it would periodically debit.

On November 13, 2019, Plaintiff called Defendant to ask about adding an escrow account to her mortgage. (Id. ¶¶ 64–68, 75). She wanted to know if the bank would pay her property taxes and insurance premiums for her without extra cost. During the November 13 phone call, the bank representative told Plaintiff that the account would cost nothing extra. (Id. ¶¶ 217, 220). That was false because the bank would charge an extra "cushion" to make sure her property taxes and insurance premiums were paid. (Id. ¶¶ 218, 221).

Plaintiff called back that same day, November 13, 2019, to make clear she wanted only a quote, not a sale. Her phone billing records show more calls to Bank of America numbers on November 13. (Doc. No. 14-39, pp. 5–6). Although the bank says it routinely records its calls, it has refused to produce any recordings beyond the first call that day. (FAC ¶¶ 230–33, 248–49, 254; see also Doc. No. 14-39 p. 2).

Despite Plaintiff telling Defendant not to sell her the escrow, between November 2019 and January 2020, the bank signed her up for it anyway and began to impose charges she was not aware of and did not owe. (FAC ¶¶ 64-68, 71, 75, 79, 81–84). Once Plaintiff finally discovered these facts (when her own Truliant bank that held her checking account sent her an electronic withdrawal alert, Doc. No. 14-11), she immediately started complaining to Defendant. (Doc. Nos. 14–12, 14–17, 14–18, 14–20, 14–25, 14–26). Defendant refused to cancel it, continued to assess charges, and it is not clear whether it has been cancelled. (FAC ¶¶ 70, 74, 84–87, 107).

After unlawfully opening the escrow, Defendant paid a property insurance premium in December 2019 that was not due. Thus, even if Defendant had a right to open the escrow (which it did not), Defendant mis-managed it. (Id. ¶ 21(c) (alleging Defendant paid $1,410 premium on

12/13/19 that was not due), 74, 76, 78, 81–82, 225). Later Defendant paid a second property premium that was once again not due. (Id. ¶¶ 83, 97, 101–02, 104–05). Defendant proceeded to make debits from Plaintiff's account that the disclosure did not authorize. (Id. ¶ 229(a)). Defendant also violated its own disclosure by making the insurance premium payments in the wrong amounts. (Id. ¶ 229(b), (c)). Plaintiff brought the escrow account back to a zero balance and asked again in February 2020 for Defendant to close it, but Defendant refused to do so. Plaintiff made a RESPA request for information this issue, but Defendant has refused to provide any such information. (Id. ¶¶ 100, 242, 252, 256; Doc. No. 14-39 pp. 11–12).

Based on the above factual allegations, Plaintiff purports to bring the following claims against Defendant: (i) violation of the federal Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. (Count One); (ii) violation of North Carolina's Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. GEN. STAT. § 75-1.1 et seq. (Count Two); (iii) breach of contract (Count Three); (iv) unjust enrichment (Count Four); (v) breach of fiduciary duty (Count Five), (vi) declaratory and injunctive relief (Count Six); and (vii) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Count Seven). As relief, Plaintiff seeks declaratory and injunctive relief, compensatory damages, plus attorney fees and costs.

Furthermore, Plaintiff purports to bring this as a class action. The FAC states that:

Plaintiff requests certification of a class defined as follows, subject to the Plaintiff's and the Court's ability to modify the class definition as the case proceeds:

    a.  Class: All borrowers who had mortgage loans serviced by Bank of America, N.A. from August 3, 2016 through present.

b. Subclass 1: All borrowers who had mortgage loans serviced by Bank of America, N.A. and who had a mortgage escrow account created after August 3, 2016.

c. Subclass 2: All borrowers who had mortgage loans serviced by Bank of America, N.A. who had a change in their mortgage escrow account automatic debit amount after August 3, 2019.

d. Plaintiffs request certification of a nationwide class. In the alternative, Plaintiff requests certification of a North Carolina statewide class and a Florida statewide class.

(Id. ¶ 127).

Defendant has moved to dismiss all of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant further moves to strike Plaintiff's proposed class allegations pursuant to Rule 12(f) and Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure.

## II.    DISCUSSION

### A. Defendant's Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The

Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp.,

Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court

must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption

of truth.  Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded

factual allegations are entitled to a presumption of truth, and the court should determine whether

the allegations plausibly give rise to an entitlement to relief. Id. at 679.

As noted, the Court held a hearing on the motion to dismiss on May 12, 2021. As the

Court discussed in open court during the hearing, the Court has determined that, in light of the

lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss as to

all of the claims and allow the parties to proceed with discovery.

**B. Defendant's Motion to Strike**

Defendant's motion is brought under Fed. R. Civ. P. 12(f) and 23(d)(1)(D). Under Rule

12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter" from a pleading. FED. R. CIV. P. 12(f). Motions to strike are generally

disfavored. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001).

Rule 23(d)(1)(D) provides that "[i]n conducting an action under this rule, the court may

issue orders that … require that the pleadings be amended to eliminate allegations about

representation of absent persons and that the action proceed accordingly." FED. R. CIV. P.

23(d)(1)(D). Courts rarely grant motions to strike under Rule 23(d)(1)(D) before discovery,

doing so only where "[n]o amount of additional class discovery will alter th[e] conclusion" that

the class is not maintainable. Thompson v. Merck & Co., Inc., No. 01-cv-1004, 2004 WL 62710,

at *2 (E.D. Pa. Jan. 6, 2004). Generally, "it is premature to analyze class allegations on their merits in a motion to strike." <u>Desmond v. CitiMortgage, Inc.</u>, No. 1:12-cv-23088-PAS, 2015 WL 845571, at *5 (S.D. Fla. Feb. 25, 2015). As this Court has noted, "the decision as to whether to certify a class is preferably decided after some discovery." <u>Flint v. Ally Fin. Inc.</u>, No. 3:19-cv-00189-FDW-DCK, 2020 WL 1492701, at **3–4 (W.D.N.C. March 27, 2020) (dismissing the class allegations where, among other things, the plaintiff did not object to the timing of the defendants' motion and finding "this to be the unusual case where the allegations in the Amended Complaint make clear this issue is ripe for decision at this early juncture").

The Court denies the motion to strike the class allegations at this time, and the Court will revisit the class certification issue at a later stage in the proceedings. In the meantime, the Court strongly encourages Plaintiff to consider whether she should narrow the proposed class through an amendment to her allegations. As Defendant argued at the hearing on the motion to strike, the proposed class is currently extremely broad and may not meet certification requirements.

**IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Dismiss, (Doc. No. 26), and Motion to Strike, (Doc. No. 28), are both **DENIED**.


Signed: June 2, 2021

Max O. Cogburn Jr
United States District Judge